1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH GLAZE, | Case No.  1:21-cv-01054-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| NORTH KERN STATE PRISON, *et al.*, | |
| Defendants. | |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Isaiah Glaze ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated on July 6, 2021.  (ECF No. 1.)

**I.     Legal Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

*///*

1

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

**II.    Discussion**

In the complaint, Plaintiff concedes that while there is a grievance procedure at his current institution, and he presented the facts in his complaint for review through the grievance procedure, he did not appeal to the highest level of appeal available to him. (ECF No. 1.) Plaintiff states that he "put in administrative appeal on 06/13/21 about my complaints, have not heard back as of yet." (*Id.* at 1.) Plaintiff's complaint is signed and dated June 21, 2021. (*Id.* at 3.)

Based on the information in the complaint, it appeared Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a). The Court therefore issued an order directing Plaintiff to show cause why this action

1   should not be dismissed, without prejudice, for failure to exhaust prior to filing suit.  (ECF No. 6.)

2   Plaintiff filed a response to the order to show cause on July 22, 2021.  (ECF No. 9.)

3   Plaintiff argues that the action should not be dismissed because he believes that the administrative

4   process is inadequate to address the issue at hand.  Since his arrival at North Kern State Prison,

5   Plaintiff states that he has noticed how they have failed to follow some of the most basic rights

6   given to inmates, such as freedom of religion, confidential mail, telephone calls, and protection

7   from cruel and unusual conditions, and Plaintiff believes that there needs to be a declaratory

8   judgment given the evidence and examples he has sent to the Court in his complaint.  (*Id.*)

9   Based on Plaintiff's response, there is no indication that Plaintiff pursued his appeal

10  beyond the first level, or that he waited to receive a response from CDCR regarding the grievance

11  he submitted related to this action.  Nor has Plaintiff provided any explanation for his failure to

12  do so.  Though Plaintiff alleges that he has witnessed the prison's failure to follow certain basic

13  rights given to inmates, none of those failures relate to the processing of administrative

14  grievances or appeals.  Thus, it appears clearly on the face of the complaint that Plaintiff filed suit

15  prematurely without first exhausting his administrative remedies in compliance with section

16  1997e(a).

17  **III.     Order and Recommendation**

18  Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to

19  this action.

20  Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without

21  prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

22  These findings and recommendations will be submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

24  **(14) days** after being served with these findings and recommendations, Plaintiff may file written

25  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

26  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

27  ///

28  ///

3

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 3, 2021**                /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE